IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| JESSICA WHITE, <br> 1030 Hunters Run Drive, Apt. 7 <br> Lebanon, OH  45036 <br>   Plaintiff, <br> <br> v. <br> <br> JTM CAPITAL MANAGEMENT, LLC <br> 210 John Glenn Drive, Suite 3 <br> Amherst, NY 14228, <br> <br>   Defendant. | ) Cause No. 1:14-cv-172 <br> ) <br> ) Judge <br> ) <br> ) <br> ) <br> ) <br> ) **COMPLAINT** <br> ) <br> ) **Demand for Jury Trial** <br> ) <br> ) <br> ) |

Plaintiff Jessica White, by and through undersigned counsel, files this Complaint against Defendant JTM Capital Management, LLC as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1692, *et seq.*, and 28 U.S.C. § 1331.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Plaintiff is a resident of Ohio in the Southern District of Ohio.  Defendant conducts business, solicits business, and/or engages in a persistent course of conduct within this district such that Defendant is subject to the jurisdiction and venue of the courts within this district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3).

3. Plaintiff is a citizen and resident of Warren County, Ohio.  Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

4. Defendant is a Delaware corporation with its principal places of business in Amherst, New York.

5. Defendant is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6).

## DEFENDANT'S ILLEGAL CONDUCT

6. Plaintiff incorporates paragraphs 1-5 by reference as if fully rewritten.

7. Prior to Defendant's conduct forming the basis of this action, Plaintiff had maintained a checking account with Fifth-Third Bank.

8. Fifth-Third Bank allowed Plaintiff's bank account to be debited, causing an overdraft that resulted in the bank account going negative in an amount that Fifth-Third expected Plaintiff to pay (the "Account").

9. On information and belief, on or about April 26, 2012, Fifth-Third Bank assigned the Account to United Credit Recovery.

10. United Credit Recovery is a debt collector.

11. On information and belief, in or about November 2012, United Credit Recovery assigned the Account to Defendant.

12. In or about December 2012, Defendant's attorneys began contacting Plaintiff to collect on the Account.

13. Plaintiff began making payments to Defendant on the Account.

14. On or about December 27, 2012 Plaintiff made a payment of $20.00 to Defendant.

15. On or about January 15, 2012, Plaintiff made a payment of $50.00 to Defendant.

16. On or about February 18, 2013, Plaintiff made a payment of $1,168.31 to Defendant.

17. With the February 18, 2013 payment, Plaintiff had paid Defendant all of the monies demanded by Defendant to settle the Account.

18. On or about February 18, 2013, Plaintiff had settled the Account with Defendant.

19. On or about August 6, 2013, Defendant, through its attorneys, sent Plaintiff a letter stating that the Account had been settled.

20. A true and accurate copy of the August 6, 2013 letter from Defendant to Plaintiff is attached as Exhibit A.

21. On information and belief, after Plaintiff had settled the Account with Defendant, Defendant assigned the Account to a third-party debt collector, ID Solutions.

22. Defendant assigned the Account to ID Solutions knowing that Defendant had already settled the Account with Plaintiff.

23. Defendant assigned the Account to ID Solutions knowing that doing so constituted a violation of the Fair Debt Collection Practices Act.

24. On or about December 9, 2013, ID Solutions began contacting Plaintiff to collect on the Account.

25. On or about December 9, 2013, ID Solutions threatened Plaintiff with legal action if she did not pay on the Account, despite the fact that the Account had already been settled with Defendant.

26. On information and belief, Defendant had assigned other debts to ID Solutions that Defendant had already settled with the debtors.

27. On information and belief, ID Solutions knew that Defendant had sold ID Solutions debts in the past that Defendant had already settled with the debtors.

28. ID Solutions failed to implement reasonable policies or procedures to ensure that ID Solutions would not collect on debts purchased from Defendant that Defendant had already settled with the debtors.

29. Defendant assigned the Account to ID Solutions, and ID Solutions accepted the assignment and began collecting on the Account, knowing that doing so constituted violations of the Fair Debt Collection Practices Act.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

30. Plaintiff incorporates paragraphs 1-29 by reference as if fully rewritten.

31. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

32. Defendant is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6).

33. Plaintiff is a natural person allegedly obligated to pay a debt.

34. Defendant alleged that Plaintiff was obligated to pay a debt to Defendant.

35. The obligation that Defendant alleged that Plaintiff was obligated to pay was a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

36. The Account is a purported monetary obligation arising from a transaction or transactions made primarily for personal, family, or household purposes.

37. The Account was a personal account, not a business account.

38. Defendant uses an instrumentality of interstate commerce or the United States mails in the regular collection of debts owed to another.

39. Defendant used an instrumentality of interstate commerce and/or the United States mails to attempt to collect the Account from Plaintiff.

40. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.*, because it made false and misleading representations regarding the collection and or enforceability of the Account.

41. Some or all of Defendant's false and misleading representations were knowingly and intentionally made.

42. Defendant's assignment of the Account to ID Solutions, after Defendant had settled the Account with Plaintiff, served only to harass, oppress, and/or abuse Plaintiff in violation of 15 U.S.C. § 1692d.

43. The conduct by Defendant detailed above further constituted violations of the Fair Debt Collection Practices Act, including but not limited to the following: 15 U.S.C.§§ 1692e(2), 1692e(5), 1692e(8), and 1692e(10); and 15 U.S.C. § 1692f(1); and 15 U.S.C. § 1692g(a).

44. Plaintiff has suffered damages as a direct and proximate result of Defendant's conduct, including but not limited to statutory damages as permitted by 15 U.S.C. § 1692k(a)(2)(A).

45. As a result, Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs of this action.

## COUNT II
## VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
(**O.R.C. § 1345.01,** *et seq.*)

46. Plaintiff incorporates paragraphs 1-45 by reference as if fully rewritten.

47. The assignment of the Account was a "consumer transaction" as that term is defined under the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01(A).

48. Plaintiff is a "Consumer" as that term is defined under O.R.C. § 1345.01(D).

49. Defendant is a "Supplier" as that term is defined under O.R.C. § 1345.01©.

50. Defendant's violations of the Fair Debt Collection Practices Act as set forth herein constitute violations of the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01, *et seq.*,

and constitute unfair deceptive acts and/or practices in the conduct of consumer transactions as set forth in O.R.C. § 1345.02.

51. Defendant knowingly and intentionally violated O.R.C. § 1345.01 *et seq.*, and 15 U.S.C. §§ 1692, *et seq*.

52. Defendant's violations of the Ohio Consumer Sales Practices Act directly and proximately caused injury to Plaintiff, including economic and noneconomic injuries, costs and attorney's fees incurred, and other costs.

53. Based on the above violations of the Ohio Consumer Sales Practices Act, Defendant is liable to Plaintiff for her actual damages in an amount to be determined at time of trial, and reasonable attorney's fees and costs in an amount to be determined at time of trial, as well as treble damages pursuant to O.R.C. § 1345.09(B).

## COUNT III
## INVASION OF PRIVACY – WRONGFUL INTRUSION

54. Plaintiff incorporates paragraphs 1-53 by reference as if fully rewritten.

55. Defendant assigned the Account to ID Solutions knowing that Defendant had already settled the Account with Plaintiff and knowing that further collection on the Account would be illegal.

56. By assigning the Account, Defendant knowingly and intentionally intruded upon the solitude and seclusion of Plaintiff in her private affairs and concerns.

57. Defendant's actions are highly offensive to a reasonable person.

58. Defendant's actions have directly and proximately caused damages to Plaintiff.

59. Plaintiff has suffered damages due to Defendant's conduct, including but not limited to time and effort in her attempts to stop the collection of the Account by ID Solutions and in her retention of an attorney to institute this action, as well as emotional distress.

60. Defendant committed its actions knowingly, intelligently, willfully and wantonly.

61. Given the outrageous character of Defendant's actions and that its conduct was willful and wanton, Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs.

62. WHEREFORE, Plaintiff requests that this Court:

a. Enter judgment for Plaintiff for all damages proven at trial,

b. Award actual and statutory damages to Plaintiff under the Fair Debt Collection Practices Act;

c. Award attorney's fees and costs to Plaintiff under the Fair Debt Collection Practices Act;

d. Award actual economic and noneconomic damages and statutory damages to Plaintiff under the Ohio Consumer Sales Practices Act;

e. Award attorney's fees and costs to Plaintiff under the Ohio Consumer Sales Practices Act;

f. Award actual damages, punitive damages, attorney's fees, and costs for Plaintiff's Invasion of Privacy claim;

g. Award all such other relief as justice requires.

Respectfully submitted,

s/ John A. Fischer
John A. Fischer, Ohio Bar Number 0068346
Trial Attorney for Plaintiff Jessica White
Dearie & Fischer LLC
Greene Town Center
70 Birch Alley, Suite 240
Beavercreek, OH  45440
Telephone:  (937) 306-6402
Facsimile:  (937) 306-6201
Email:  jaf@dfattorneys.com

7

**DEMAND FOR JURY TRIAL**

Plaintiff Jessica White hereby demands trial by jury for all issues so triable.

s/ John A. Fischer
John A. Fischer, Ohio Bar Number 0068346
Trial Attorney for Plaintiff Jessica White
Dearie & Fischer LLC
Greene Town Center
70 Birch Alley, Suite 240
Beavercreek, OH  45440
Telephone:  (937) 306-6402
Facsimile:  (937) 306-6201
Email:  jaf@dfattorneys.com
