IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| JESSICA WHITE, | ) | Cause No. 1:14-cv-172 |
| | ) | |
| Plaintiff, | ) | Chief Judge Susan J. Dlott |
| | ) | |
| v. | ) | **PLAINTIFF JESSICA WHITE'S** |
| | ) | **MEMORANDUM IN OPPOSITION TO** |
| JTM CAPITAL MANAGEMENT, LLC, | ) | **DEFENDANT'S MOTION TO DISMISS** |
| | ) | **PLAINTIFF'S CLAIMS UNDER 15 U.S.C. §** |
| | ) | **1692E AND COUNT II OF PLAINTIFF'S** |
| Defendant. | ) | **COMPLAINT** |

This Court should deny the motion to dismiss of Defendant JTM Capital Management, LLC ("Defendant's Motion").  Plaintiff Jessica White was not required to follow the dispute procedures of 15 U.S.C. § 1692g(b) of the Fair Debt Collection Practices Act ("FDCPA") before filing suit in this case.  In addition, Plaintiff has a valid claim under the Ohio Consumer Sales Practices Act ("OCSPA").  This Court should deny Defendant's Motion in its entirety.

**I.      Plaintiff Has Asserted Valid Claims under the FDCPA**

   **A.      Plaintiff Was Not Required to Follow the Dispute Procedures of 15 U.S.C. § 1692g(b) when Defendant Initially Collected, and Plaintiff Paid, the Debt**

As alleged by Plaintiff in her Complaint, Defendant attempted to, and in fact did, collect on the debt in this case.  Complaint, ¶¶ 12-20.  Plaintiff did not dispute that the debt was valid and owed after she was initially contacted by Defendant in or about December 2012 to collect the debt (Complaint, ¶ 12).  In fact, she paid the debt.  As a result, 15 U.S.C. § 1692g is inapplicable to Defendant's initial attempts to collect the debt.

Plaintiff's dispute with Defendant, and the reason for her lawsuit, is that Defendant, after obtaining payment on the debt, immediately sold it to another debt collector, knowing that Plaintiff had already paid and Defendant had already collected the debt.  Complaint, ¶¶ 21-23.

Therefore, the caselaw that Defendant cites in Defendant's Motion is not applicable. In *Carpenter v. RJM Acquisitions, LLC*, 787 F.Supp2d 971, 974 (D.Minn. 2011), the debtor filed a claim against the debt collector for violation of 15 U.S.C. § 1692g, claiming that the debt collector had failed to provide the required statutory notice under Section 1692g(a). The court ruled not only that written notice had been sent by the debt collection, but also that the written notice had complied with the statutory requirements of Section 1692g(a). *Id.* As a result, the court found that the debt collector did not violate Section 1692g(a).

In this case, Plaintiff does not dispute that she owed the debt when Defendant initially attempted to, and in fact did, collect the debt in late 2012 and early 2013. Therefore, because Plaintiff is not challenging the validity of the debt when it was initially collected, the dispute procedures of Section 1692g(b) are not applicable in this case.

As to Plaintiff's claim under 15 U.S.C. § 1692e(10), the debtor in *Carpenter* brought that claim to dispute the validity of the debt. 787 F.Supp.2d at 974-975. The court ruled that a plaintiff may not "circumvent the statute's procedural device to dispute the validity of a debt by filing an action pursuant to § 1692e **on the sole basis that the debt is invalid**." *Id.* (emphasis added).

In contrast to the situation in *Carpenter*, Plaintiff does not dispute the validity of the debt when Defendant initially attempted to, and in fact did, collect it. Plaintiff is not bringing a claim under Section 1692e(10) on the sole basis that the debt was invalid. Again, the dispute procedures of Section 1692g(b) are not applicable in this case.

The cases cited by Defendant (also cited in *Carpenter*) also concern violations of Section 1692g that are not applicable in this case. In *Richmond v. Higgins*, 435 F.3d 825, 827 (8th Cir. 2006), the debtor brought suit under the FDCPA for an alleged misstatement of the amount owed

2

in the written notice sent under Section 1692g(a). However, the debtor had many opportunities to dispute the debt, but never did. *Id.* at 829. The situation in *Richmond* is not present here.

In *Bleich v. Revenue Maximization Grp., Inc.*, 233 F.Supp.2d 496 (E.D.N.Y. 2002), the debtor also failed to respond to the debt collector's letters. "Although Plaintiff disputed the validity of the debt, she did not take advantage of the statutory debt validation procedure set forth in the Collection Letter." 233 F.Supp.2d at 498. Specifically, the court noted that:

> "In sum, the court holds that where a debt collector has included appropriate language regarding the FDCPA debt validation procedure, **the allegation that the debt is invalid, standing alone**, cannot form the basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt. **Likewise, a consumer alleging that a debt referenced in a collection letter is not valid, is required to follow the clear and orderly procedure set forth in the FDCPA**. Such a consumer may not institute an immediate lawsuit alleging that the letter violates the FDCPA."

233 F. Supp.2d at 501 (emphasis added).

In this case, Plaintiff is not alleging that the debt was invalid when Defendant originally attempted to collect it, or that any collection notices that Defendant sent in or about December 2012 violated the FDCPA. Instead, Plaintiff is claiming that, after settling the debt, Defendant then sold that debt to another debt collector knowing that the debt had already been settled. As a result, 15 U.S.C. § 1692g is not applicable and this Court should deny Defendant's Motion.

### B. Plaintiff Was Not Required to Follow the Dispute Procedures of 15 U.S.C. § 1692g(b) when Defendant Sold the Debt to a Third-Party Debt Collector

As alleged in Plaintiff's Complaint, following Plaintiff's payments on the debt to Defendant in December 2012, January 2013,[1] and February 2013, Defendant then assigned the debt to another debt collector. Complaint, ¶¶ 21-23. Plaintiff makes no allegation that Defendant sent her any notice of this conduct, because Defendant did not send such notice. As a

---

[1] There is a typographical error in Paragraph 15 of the Complaint. The date should read "January 15, 2013," not "January 15, 2012."

result, because no Section 1692g(a) notice was sent, Plaintiff had no duties under Section 1692g(b).  This Court should deny Defendant's Motion as it relates to Plaintiff's FDCPA claim.

**II.     Plaintiff Has Asserted Valid Claims under the OCSPA**

This Court should deny Defendant's Motion as it relates to Plaintiff's OSCPA claim because the OCSPA applies in this case.  It is undisputed that violations of the FDCPA constitute violations of the OCSPA.  *D.A.N. Joint Venture III, L.P. v. Armstrong*, 2007-Ohio-898, ¶ 50 (11th Dist.).  Defendant's argument seems to focus on the fact that, because the original creditor in this case was a financial institution exempted from application of the OCSPA, then any subsequent purchaser of the underlying debt is also exempted from the application of the OCSPA.  Defendant's argument is without merit.

First, Defendant's argument is without merit on a motion to dismiss because Defendant points to authority outside the four corners of the Complaint in making its argument that the original debt in this case was with a financial institution.  For example, Defendant directs this Court's attention to an FDIC Certificate 6672.  Defendant's Motion, p. 3.  This FDIC Certificate is not attached to Defendant's Motion (although that too would be improper) and is not otherwise identified.  Thus, Defendant cannot on a motion to dismiss demonstrate that Fifth-Third Bank was a financial institution exempted from the application of the OCSPA.  For this reason alone, this Court should deny Defendant's Motion as it relates to Plaintiff's OCSPA claim.

Further, even if Fifth-Third Bank is a financial institution, Defendant is not entitled to the financial institution exemption because it is an independent third-party debt collector.  The caselaw that Defendant cites in support of its argument is outdated and has since been rejected, particularly by the Southern District of Ohio.

This case parallels *Lee v. Javitch, Block & Rathbone, LLP*, 522 F. Supp.2d 945 (S.D. Ohio 2007). In *Lee*, the debtor took out a credit card with a bank, then defaulted on payment; the bank assigned the debt to a third-party debt collector, who in turn assigned the debt to the defendant debt collector. *Id.* at 947. Similarly, in this case, Plaintiff alleged that Fifth-Third Bank assigned Plaintiff's debt to a third-party debt collector (United Credit Recovery), who in turn assigned the debt to Defendant. Plaintiff's Complaint, ¶¶ 9-11.

Like Defendant here, the defendant debt collector in *Lee* argued that the OCSPA did not apply to it because the underlying transaction was with a financial institution. 522 F. Supp.2d at 956. Judge Beckwith of the Southern District of Ohio:

> "rejected this argument in denying Defendants' motion to dismiss (see Doc. 29 at pp. 9-10), noting that no definitive Ohio authority suggests that an assignee of a financial institution, an assignee whose only business is to collect past due or defaulted debt, is also entitled to the financial institution exemption. Defendants cite no recent authority on this question."

522 F. Supp.2d at 956. The court further ruled:

> "The OCSPA covers far more transactions, through its broad definition of 'supplier,' than does the FDCPA. The Ohio Legislature specifically exempted financial institutions from this statute, likely in recognition of the fact that banks are heavily regulated by other statutes and codes. A bank customer has other adequate remedies if a bank should engage in deceptive or unfair conduct in making a loan or issuing a credit card. **But if the financial institution sells a past due or defaulted debt at a deep discount to an unrelated party, whose only business is debt collection, the sound policy for the financial institution exemption evaporates**."

*Id.* (emphasis added). A debt collector may take advantage of the financial institution exemption (if at all) only if it is directly representing the financial institution in collecting the debt for that financial institution (rather than collecting the debt on its own behalf):

> "If JB & R had directly represented Columbus Bank and Trust in attempting to collect the debt, an OCSPA claim would not lie against them because the transaction sued on would not be covered by the statute. But JB & R was representing Midland, which is not a 'financial institution' and which is

5

> apparently within the scope of the OCSPA. Therefore, the Court denies summary judgment to Defendants on Plaintiff's claim under the Ohio statute.

*Id.* Thus, Defendant's argument that it is covered by the financial institution exemption is without merit, and this Court should deny Defendant's Motion as it relates to Plaintiff's OCSPA claim.

### III. Conclusion

For the above-stated reasons, this Court should deny Defendant's Motion in its entirety.

>Respectfully submitted,
>
>s/ John A. Fischer
>John A. Fischer, Ohio Bar Number 0068346
>Trial Attorney for Plaintiff Jessica White
>Dearie & Fischer LLC
>Greene Town Center
>70 Birch Alley, Suite 240
>Beavercreek, OH  45440
>Telephone:  (937) 306-6402
>Facsimile:  (937) 306-6201
>Email:  jaf@dfattorneys.com

### CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:  Brad Council (bcouncil@sclpa.com) and Randy Slovin (rtslovin@sclpa.com) attorneys for Defendant).

>s/ John A. Fischer
>John A. Fischer, Ohio Bar Number 0068346
>Trial Attorney for Plaintiff Jessica White
>Dearie & Fischer LLC
>Greene Town Center
>70 Birch Alley, Suite 240
>Beavercreek, OH  45440
>Telephone:  (937) 306-6402
>Facsimile:  (937) 306-6201
>Email:  jaf@dfattorneys.com